Gibson J.
delivered the opinion of the Court.
Although the authorities are not decisive on this subject, they go a considerable length to establish the right of a constable to deposit a prisoner arrested without warrant, in the common jail for safe keeping, till he can be carried before a magistrate. Even a private person, who may have apprehended another for treason or felony, may convey him to the jail of the county; although it is said, the safer course is to cause him, as soon as convenience will permit, to be brought before a justice of the peace, and I cannot see any reason why a private person should not have the same authority on an arrest during an affray, which has taken place in his presence. A constable may put a party arrested for an affray in the stocks; and, in case of any offence for which the party suspected may be arrested, may convey him to the Sheriff, or jailer of the county ; although in this case also, and in every other of the kind, it is said to be the safest and best course, to carry the offenders before a magistrate as soon as circumstances will permit. This is the sum of what is found in the books on the subject; and without saying what would be the duty of a jailer in case of an arrest by a private person, I think it may fairly be inferred, he is bound to receive a prisoner offered by a constable for safe keeping. A constable is ■ a known officer, charged with the conservation of the peace, and whose business it is to arrest those who have violated it. It would therefore be strange if, while all private persons are bound to obey and assist him in suppressing an affray, an officer of justice should be at liberty to refuse the most efficient assistance of all, the confinement of the parties engaged. The officers of justice are bound to assist each other in their several departments, and to afford each other all the facilities which the public means have put in their power. There may be cases of such urgency as not to admit of delay till a warrant of commitment can be procured,-— as in the case of an affray near the jail; and there the necessity of the case would prove that the jailer ought to take *50 charge of the parties actually engaged ; and if he is bound ■ t0 receive in one case, on the bare charge of a peace officer, I know not why he should not be in another. There is no danger to the liberty of the citizen in this ; for if the arrest anc* detention be improper, the prisoner can have instant redress by the writ of habeas corpus, and the constable may be punished by-indictment, or subjected to damages in an action of trespass. On the other hand, were the law otherwise, .the means- of securing the. persons of prisoners, and of acting with decisive effect in quelling affrays and riots, would be greatly and unnecessarily lessened. I am therefore of opinion, that the indictment is sufficient.